[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff has not born its burden of establishing a colorable claim of fraud, favoritism or other acts undermining the objective and integrity of the bidding process. See Connecticut Associated Builders Contractors v. Hartford, 251 Conn. 169, 189 (1999); ArdmareConstruction Co. v. Freedman, 191 Conn. 497 (1983). Rather, the evidence shows that town officials acted fairly and in good faith when they interpreted and corrected what the plaintiffs managing agent testified was a scrivener's error in the plaintiffs bid proposal. In the town's advertisement inviting persons to submit bids, the town reserved the right to accept or reject any or all proposals. "An honest exercise of discretion by a municipality which has reserved such a right will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding." Spiniello Construction Co. v. Manchester,189 Conn. 539, 544 (1983).
The plaintiff served the application for temporary injunction and verified complaint on the defendants without a writ of summons. While the defendants were served with an order to show cause, this notice does not take the place of a writ of summons. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. General Statutes § 52-45a." Hillman v. Greenwich, 217 Conn. 520, 524 (1991).
For the foregoing reasons, the defendants' motion to dismiss is granted.
THIM, J. CT Page 13465